(121 App. Div. 524.)

### COLLINS et al. v. CARLIN et al.

(Supreme Court, Appellate Division, Second Department.  October 18, 1907.)

1. APPEAL—REVIEW—ESTOPPEL TO COMPLAIN OF ADMISSION OF EVIDENCE.

The trial judge having instructed without objection that both parties conceded the contract sued on was not fully expressed in writing, defendants may not on appeal complain of the admission of evidence tending to show the real contract.

2. SAME—CONCLUSIVENESS OF VERDICT.

A verdict based on conflicting evidence will not be disturbed in the absence of legal error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3935–3937.]

3. TIME—DAY—WHAT CONSTITUTES.

Ordinarily a contract by the day means the calendar day, or hours of a calendar day ordinarily used.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Time, § 10.]

4. CONTRACTS—ACTION FOR PRICE.

Repairs being necessary on work done on a city prison by defendants, and the authority of a city officer to contract with plaintiffs therefor, being questioned, it was so arranged that plaintiffs made the repairs as an extra under defendants' contract. *Held*, that defendants were liable to plaintiff for the price of the repairs, though the city refused to pay defendants therefor; defendants having induced plaintiffs to perform the services, knowing that plaintiffs did the work without any expectation that the city would pay them, except as it might do so through defendants.

Appeal from Trial Term, Nassau County.

Action by William P. Collins and another, copartners as William Collins' Sons, against Patrick J. Carlin and others, copartners as P. J. Carlin & Co.  From a judgment for plaintiffs, and an order denying a new trial, defendants appeal.  Affirmed.

See 94 N. Y. Supp. 317.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

John C. Wait, for appellants.
James A. Allen, for respondents.

WOODWARD, J.  The learned justice presiding at the trial charged the jury, and no one raised an objection, that both parties to the controversy conceded that the contract between the plaintiffs and defendants was not fully expressed in the letters and other documents in evidence.  This being true, the defendants are not now in a position to urge error in the admission of evidence, the object of which was to bring before the jury the real contract between the parties.  The evidence introduced by the plaintiffs, and which supplemented the written evidence, did not tend to vary a written contract; but it served to complete the contract as understood by the parties at the time, and such evidence was clearly competent.  With this question out of the case, and it clearly has no place upon this appeal, if it is once conceded that the written evidence did not disclose the real contract, there are merely a number of questions of fact involved in the case;

and these, upon a conflict of evidence, have been determined by the jury in favor of the plaintiffs and against the defendants, and in such cases, in the absence of legal error, there is nothing for an appellate court to do but to affirm the judgment entered upon the verdict. This must be done in this case.

In February, 1902, the defendants were doing the carpentry and mason work on the city prison for the city of New York. In the basement of the building they had constructed a water-tight pan or caisson, intended to shut off the subsurface water from the boilers which were to be placed therein. Owing to a delay in placing the boilers, this caisson "buckled" and became unfit for the purpose for which it was designed, necessitating repairs. The commissioner of corrections, who had charge of the erection of the city prison, desiring to have these repairs made, requested the plaintiffs to bid for doing the work. This resulted in the plaintiffs making a proposition to the commissioner; but, a question arising as to the authority of the commissioner to contract with plaintiffs, it was arranged that the plaintiffs should do the work as an extra under the defendants' contract, and the agreement, as found by the jury, was that the plaintiffs should reconstruct the caisson for $800, and that they should do the necessary pumping in connection with the work at $10 per day, allowing 8 hours for a day. The questions litigated related to the pumping; it being contended on the part of the defendants that the contract merely called for pumping during the time the work of reconstructing the caisson was in progress, while the plaintiffs contended that the contract was to do all of the pumping, covering the work of construction as well as the work of placing the boilers by third parties afterward, and the jury has found that this was the contract, and that the work required $500^8/_{10}$ days of 8 hours each, aggregating $5,003. It is true, of course, that ordinarily a contract by the day means the calendar day, or the hours of a calendar day which are ordinarily made use of, and, if there was only the written evidence in this case, we should be disposed to hold that there could not be liability beyond the calendar days employed; but the evidence is that the parties had a conversation over the telephone, in which it was agreed that the work should be at the rate of $10 per day of 8 hours, and the testimony indicates that the pumping was required at intervals throughout the 24 hours, making 3 days in each 24 hours.

The real difficulty in this case arises from an effort on the part of the defendants to help the commissioner out of an embarrassing situation. It was undoubtedly expected that the city would pay the defendants for this extra work and that they would pay the same over to the defendants. But the city has not paid the bill, which the defendants put in, and which they subsequently brought an action to enforce, and now, when the plaintiffs seek to recover, the defendants urge that the contract is not what they contemplated, though it is not seriously disputed that the defendants knew that the plaintiffs were doing the work, and that it was not with an expectation that the city would pay them, except as it might do so through the defendants. It works a hardship upon the defendants, no doubt; but they were the ones who created the situation, and who induced the plaintiffs to

perform the services, and under well-known rules they must stand the loss, unless they can find a way of reaching the city, which has had the benefit of the work.

Examining the alleged errors in the light of the conceded facts, we are unable to agree with the defendants that there is ground for reversal in this case. The learned court at the trial has ably and carefully presented the questions at issue, and it would be a work of supererrogation to restate the facts here. It is sufficient for this court that the result has been reached without prejudicial error.

The judgment and order appealed from should be affirmed, with costs. All concur.